Reese, J.
delivered the opinion of the court.
The bill alledges that complainant is the administrator of Marcellus Jordan, deceased; that the intestate shortly before his death, in his last illness, with a view to defraud some of his creditors, made a pretended sale of sixteen negro slaves to defendant Fry; that complainant is not informed of the precise terms of the sale by the intestate to Fry, but has understood that Fry gave his notes to deceased for about the sum of $6,000; that one negro was sold with like motive and purpose to Mrs. Shaw, the defendant, and that since the death, the price, or a part of it, of the sixteen negroes was paid, as he has heard, to Mrs. Shaw, to Mrs. Jordan the defendant, or to some person. *568 These are the general facts, in substance, alledged in the charging part of the bill. The prayer is that the contract of sale be set aside, and the negroes be delivered to the complainant to be administered, and for an account of hire. The interrogatory part of the bill, indeed, covers a wider field, but this need not be looked into.
The defendants filed demurrers, which the chancellor upon argument sustained, and dismissed the bill, and the complainant has appealed to this court, and the question here is, whether the chancellor was correct in sustaining the demurrers. Unquestionably, if the defendant, practising upon the confidence and credulity of a man iu extremis, weak in body and mind, had fraudulently obtained an unconscientious bargain, nothing would be more consonant to the course and jurisdiction of a court of chancery than to entertain a bill at the suit of the personal representative for the purpose of setting aside and annulling such contract. But the bill before us makes no such case. Such a bill as the one referred to, might be filed either by the party himself, or by his executor, or administrator; but the bill here charges the sale to have originated in the fraudulent purpose of the intestate. This his personal representative cannot be permitted to alledge. That he is a creditor makes no difference. He stands in the right of representation, in the shoes of the deceased, and his character of creditor cannot change the nature and legal effect of that position. His independent right as creditor, to have sued Fry in such a case as the bill imputes, as executor of his own wrong for the negroes in question, does not attend him in his new character of administrator; it is merged in that character and ceases to exist. The decree of the chancellor must be affirmed, the demurrer allowed and the bill dismissed.